**Rong Yoa ZHOU, Appellant,**

v.

**PARCEL SEVEN ASSOCIATES,**
**Appellee.**

**Nos. 96–CV–678, 90–CV–143.**

District of Columbia Court of Appeals.

Jan. 15, 1998.

---

Before KING and RUIZ *, Associate Judges, and NEWMAN, Senior Judge.

## ORDER

On April 21, 1991, we remanded the record in this landlord and tenant matter for more specific findings on three issues:

(1) whether the landlord's rejection of the sign proposed by the tenant was reasonable; (2) whether forfeiture of the lease was the appropriate remedy for the tenant's breach, see Shapiro v. Tauber, 575 A.2d 297 (D.C.1990); and (3) whether the attorneys' fees and costs were reasonable.

After remand the trial court issued an order containing both proposed findings of facts and conclusions of law on the questions posed in our remand order, and a direction to the parties to "file memoranda suggesting alternative remedies, if any, to forfeiture for Defendant's breach of the lease." Subsequently, after being informed that the tenant had vacated the premises, the trial court issued a second order stating, in part, that "the issue of whether an appropriate remedy short of repossession exists is moot." A motion by the tenant for reconsideration of that order was denied in a third order in which the trial court concluded that the landlord "prevailed on its claim of non-monetary breach of the lease and is entitled to receive attorney fees."

The case is now before us after a certification by the trial court of the supplemental record developed on remand (No. 90–CV–143) and the tenant's appeal from the denial of the motion for reconsideration (No. 96–CV–628). Because the trial court only issued "proposed" findings of fact and conclusions of law in response to our first remand order, the record is not adequate to allow us to resolve the tenant's claim that the landlord is not entitled to recover attorney fees because it did not prevail. Therefore, we must again remand the record to the trial court. On remand the trial court should issue specific findings of fact and conclusions of law in response to the questions posed in our first remand order. The trial court should also specify its reasons for concluding, in the order denying reconsideration, that the landlord "prevailed on its claim of non-monetary breach of the lease...."

Upon entry of the trial court's order setting forth its findings and conclusions in response to this remand order, the Clerk of the Superior Court should transmit the order to this court as a supplemental record.

*So ordered.*

RUIZ, Associate Judge, dissenting.

I disagree that yet another remand is necessary in this case to decide the sole issue before us: whether the landlord is entitled to attorney's fees. That is a question of law that can be decided based on the unequivocal record on appeal.[1]

Although the trial court's findings of fact and conclusions of law in its first order on remand were initially labeled "proposed" by the trial court in its January 5, 1996 "Memorandum Order and Proposed Findings of Fact and Conclusions of Law," those findings of fact and conclusions of law were considered and incorporated by reference into the trial court's March 29, 1996 Order, entered April 5, 1996, denying the tenant's "Motion for Reconsideration Pursuant to Rule 59 and/or 60." Thus, they are no longer proposed, but final. Now that we have the specific findings this court requested when it ordered the first remand, we should proceed to address the tenant's appeal on the merits without further ado. Moreover, for the reasons below, I believe it is unnecessary for the trial court to further specify why it considers that the landlord has "prevailed."

On the record before us, I would affirm the trial court's ruling that the landlord is entitled to attorney's fees in the amount found to be reasonable by the trial court. The trial court has twice concluded that the tenant breached the lease provision concerning sign-

---

* Associate Judge Ruiz dissents.

1. Neither party believes a remand is necessary. In the words of the tenant's brief on appeal, remand "does appear to be a waste of judicial resources, particularly as this Court may be able to resolve the only viable issue in the appeal—the award of attorney fees—without dealing with the correctness of the original determination."

age: once when it first ordered possession, and again in its conclusions of law incorporated in the March 29, 1996 Order.[2] The breach is explained in detail in the trial court's findings of fact incorporated into that order: a sign with missing lettering, mismatched lettering, and visible holes, and the tenant's refusal to submit plans for a replacement sign consistent with its lease obligations. Furthermore, this breach of the signage provisions of the lease extended over many months, beginning, at the latest, on December 28, 1988, and continuing beyond June 9, 1989. At our request, the trial court further found on remand that the landlord's rejection of the sign design proffered by the tenant was "reasonable." On appeal, the tenant does not offer any record support challenging those findings.[3]

The trial court has also twice determined that as a result of the tenant's breach, the landlord is entitled to attorney's fees under paragraph 60 of the lease. The first ruling was in the November 30, 1989 Order awarding possession to the landlord, and the second on remand, in the March 29, 1996 Order. Paragraph 60 of the lease provides:

> Should Landlord be required to file suit against Tenant for any reason, including but not limited to, a suit for possession of the Premises, ... or to enforce or interpret the provisions of this Lease, Tenant shall reimburse Landlord for its reasonable attorneys' fees and cost of litigation. . . .

In this case, the landlord was required by the tenant's default under the signage provision of the lease to file suit. The trial court determined there was a breach and initially granted a judgment of possession to the landlord. On remand, the trial court was to consider whether forfeiture was an appropriate remedy, taking into account the severity of the breach. That consideration was mooted by the tenant's vacation of the premises. I agree with the trial court's conclusion that under these circumstances the landlord is entitled to attorney's fees under paragraph 60 of the lease, whether one considers that the suit was to obtain possession, as initially granted by the trial court, or "to enforce or interpret" the provision of the lease concerning signage. As discussed *infra*, both remedies were available from the trial court. *See Shapiro v. Tauber*, 575 A.2d 297, 299 (D.C. 1990).

The tenant does not address the express language of paragraph 60 of the lease, but says that to be entitled to attorney's fees, the landlord must have "prevailed." The tenant asserts that the landlord did not prevail because it was granted no relief by the trial court. Further, the tenant argues that the landlord could not have been granted any relief in its action for possession, both because the issue of possession was mooted when the tenant left the premises,[4] and because possession is the only remedy available in the Landlord and Tenant Branch of the Superior Court and that remedy was improper for the minor breach at issue here. I believe that the tenant is incorrect on both grounds.

With respect to the tenant's first argument, even assuming that it would be necessary, in the face of the clear language of paragraph 60 of the lease, for the landlord to have "prevailed" to be entitled to attorney's fees,[5] it is quite obvious from this record that

---

2. Paragraph 23 of the lease states, in relevant part,

   Tenant shall, immediately upon the commencement date of this Lease, install and at all times thereafter maintain in good condition and repair, ... an exterior sign ... approved by Landlord. . . . Tenant shall be in default hereunder if Tenant installs a sign which has not been first approved by Landlord. . . .

3. Rather, the tenant coyly argues that he "is unable to challenge finding [sic] of fact and conclusions of law on appeal since there are none." As explained above, the March 27, 1996 Order expressly incorporated the findings of fact and conclusions of law that had been proposed in the

trial court's January 5, 1996 Memorandum Order.

4. The tenant appears to argue that the trial court was without authority to award attorney's fees because they were "derivative" of the mooted action for possession. The issue of attorney's fees is a live dispute between the parties, as evidenced by this appeal, and its resolution will either give rise to an obligation amenable to enforcement or dispel it.

5. *Cf. Fleming v. Carroll Publ'g Co.*, 581 A.2d 1219, 1227–29 (D.C.1990) (concluding that enforcement of a clause in a lease granting attor-

the landlord did prevail so far as the proceedings went until they were skewed by the tenant's action in vacating the premises. The trial court initially granted possession to the landlord and awarded attorney's fees. On appeal from that judgment, this court did not grant the tenant's request for summary dismissal, but remanded for three specific findings. On remand, findings were made in favor of the landlord. The trial court's March 29, 1996 Order on remand also found that the landlord "prevailed on its claim of non-monetary breach of the Lease and is entitled to receive attorney fees." This partial success from litigation is sufficient to make the landlord a prevailing party and to sustain an award of attorney's fees. *See Chang v. Louis & Alexander, Inc.,* 645 A.2d 1110, 1116 (D.C.1994) (affirming an award of attorney's fees to both parties in a landlord-tenant dispute where both achieved some relief at trial).

With respect to the tenant's second argument, that the Landlord and Tenant court may only grant a remedy of possession and could not grant possession to the landlord on the facts of this case, the trial court's factual findings fully support that an action for possession was appropriate based on the tenant's ongoing, uncured breach of the signage provisions of the lease. Whether possession ultimately would have been granted in this case, after the trial court considered a lesser sanction and sought to obtain compliance by less drastic means, has been mooted by the tenant's vacation of the premises. For our purposes, however, the relevant issue is that a grant of possession was available as a potential remedy. This court in *Entrepreneur, Ltd. v. Yasuna,* 498 A.2d 1151 (D.C. 1985), addressed the issue:

> Some courts have refused to enforce forfeitures in cases where there existed alternative and less drastic means to make the landlord whole.... Courts that have enforced forfeitures have done so only where the record is clear that the landlord has given adequate notice to the tenant of the default and has given the tenant a reasonable time to comply.

*Id.* at 1161 (citations omitted). Here, the landlord sued for possession only after the tenant had ignored repeated requests over seven months for signage plans and maintenance in conformity with the lease. Thus, both notice and a reasonable time to comply were afforded to the tenant in this case.

Moreover, the tenant's underlying legal argument that the Landlord and Tenant Branch is limited to granting possession as a remedy in contract breach cases is unavailing in light of this court's express holding to the contrary in *Shapiro v. Tauber, supra,* 575 A.2d at 300:

> [T]he judge's authority to award possession must rationally include the lesser power to require [compliance with the lease] ... precisely as an alternative to the disfavored remedy of forfeiture. It would be both grossly inefficient and against the equitable grain of Landlord and Tenant proceedings to require the judge, in a matter such as this, to deny the landlord possession and remit him to the filing of a separate suit in the Civil Division for what amounts to specific performance.

For these reasons, I respectfully dissent. I would affirm the award of attorney's fees and would not make the parties incur any more fees in pursuit of an unnecessary remand.

ney's fees in case of default may be appropriate even when the court denied the plaintiff relief on the merits of its suit, where the trial court supports the award with detailed findings that the legal services were necessary to a good-faith claim for relief).